UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEBORAH AND ROBERT CARRUTH | * * * | CIVIL ACTION NO: |
| VERSUS | * * | SECTION: |
| CENTAURI SPECIALTY INSURANCE COMPANY | * * * * | MAGISTRATE: |

* * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

Defendant, Centauri Specialty Insurance Company, through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action *Deborah and Robert Carruth v. Centauri Specialty Insurance Company*, Case No. 2016-13991 on the docket of the 22nd Judicial District Court for the Parish of St. Tammany, Louisiana. In support of its Notice of Removal, Centauri respectfully represents that:

1. Deborah and Robert Carruth ("Plaintiffs") commenced the captioned action by filing a Petition for Damages (the "Petition" at Exhibit A) in the 22nd Judicial District Court for the Parish of St. Tammany, Louisiana on September 23, 2016. A copy of all process, pleadings, and orders served upon Centauri in the state court action are attached herein pursuant to 28 U.S.C. § 1447(b), filed herewith as Exhibit A. The Petition was received by the Louisiana Secretary of State on October 4, 2016, and was subsequently forwarded to Centauri on October 5, 2016. (Exhibit A).

2. Plaintiffs are domiciled in the State of Louisiana at the residence located at 810 Old Landing Rd., Covington, LA 70433 (Petition, ¶ 2). Plaintiffs aver that Centauri is a foreign insurance company. (Petition, ¶ 1). In fact, Centauri is organized under the laws of Florida, with its principal place of business in Florida.

3. The Petition alleges that Centauri insured Plaintiffs' property located at 810 Old Landing Rd., Covington, LA 70433, pursuant to a policy of homeowner's insurance which was in effect on November 6, 2015 (Petition, ¶ 2). The limits of the homeowner's policy insuring Plaintiffs' property are $343,500 for the dwelling and $68,700 for loss of use. (Exhibit B - Policy).

4. The Petition vaguely alleges a claim for "covered losses" to the home insured by Centauri, and that Plaintiffs incurred additional expenses as a result of being "forced from their home until repairs could be made to the affected areas of the home" (Petition, ¶ 4-5). Plaintiffs allege Centauri has denied coverage and has not paid anything. (Petition, ¶ 6). It is correct that Centauri has not made any payments related to the claim allegedly occurring on November 6, 2015, and coverage has been denied. Plaintiffs submitted a pre-suit demand letter in which they demanded reimbursement of $55,006.22 for "repairs to the residence". (Exhibit C – July 21, 2016 demand letter).

5. Plaintiffs also allege in the Petition alleges that Centauri arbitrarily and capriciously failed to pay for the alleged damages, and is therefore liable to Plaintiffs for penalties and attorneys' fees pursuant to La. R.S. 22:1892 and 22:1973. (Petition, ¶ 6-7). In addition to the contractual damages set forth above, Plaintiffs are seeking unspecified consequential damages for alleged intentional infliction of emotional distress. (Petition ¶

2

6). These statutes generally provide a cause of action for penalties and consequential to consist of a 50% penalty of the difference between the amount found to be due and the amount paid or tendered under La. R.S. 22:1892, or consequential damages plus a penalty not to exceed two times the general or special damages sustained by the Plaintiffs under La. R.S. 22:1973. Further, attorney's fees are available under La. R.S. 22:1892.

6. This Notice of Removal is filed within 30 days of receipt of the Petition and Citation, and is therefore timely under 28 U.S.C. section 1446(b).

7. Centauri does not admit the underlying facts as alleged by Plaintiffs or as summarized above. Further, Centauri expressly denies that it has any liability to Plaintiffs.

## **DIVERSITY JURISDICTION**

8. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, because this is a civil action between citizens of different states which involves an amount in controversy exceeding $75,000. Therefore, this matter is removable pursuant to 28 U.S.C. § 1441(a).

9. There is complete diversity of citizenship between Plaintiffs and Defendant. Plaintiffs are citizens of Louisiana (Petition, ¶ 2). Centauri, on the other hand, is organized under the laws of Florida, with its principal place of business in Florida.

10. While Plaintiffs do not expressly plead an amount of money damages sought, the allegations clearly support a finding that the amount in controversy exceeds $75,000. Where the amount of damages is ambiguous, the removing defendant is required to prove by a preponderance of the evidence that the amount in controversy

exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). This burden may be satisfied by the removing defendant showing that it is facially apparent that the plaintiff's claim exceeds the jurisdictional amount or by setting forth facts and disputes supporting a finding that the jurisdictional amount is satisfied. *See Allen*, 63 F.3d at 1335.

11.  Here, the limits of the homeowner's policy insuring Plaintiffs' property are $343,500 for the dwelling and $68,700 for additional living expenses. (Exhibit B). Plaintiff has demanded the sum of $55,006.22 in claimed repair expenses. (Exhibit C). Considering Plaintiffs' claim for 50% penalties under La. R.S. 22:1892, the amount in controversy exceeds $75,000. The demand for the repair expenses alone plus a 50% penalty is $82,509.33. In addition, Plaintiffs claim damages for additional expenses as a result not being able to live in the residence during the repairs, unspecified consequential damages, emotional distress, attorney's fees, and statutory penalties. It is clear the amount in controversy exceeds $75,000. Attorneys' fees and penalties are included as part of the amount in controversy. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998) (diversity jurisdiction found to exist when policy limits, plus statutory penalties, exceeded $75,000). As such, the penalties allowable under Louisiana law, with the proper evidentiary showing, together with the asserted claim for attorneys' fees (if recoverable), would further support the conclusion that the amount in controversy exceeds $75,000.

12. Plaintiffs have not filed a legally sufficient stipulation that their damages do not exceed $75,000 prior to the filing of this notice of removal. Absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints" stating that the damages are not more than the minimum jurisdictional amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992)). "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings." *Id.* at 1412 n.10. No binding stipulation or affidavit was filed with Plaintiffs' Petition. Accordingly, it can be presumed that Plaintiffs' damages exceed the minimum jurisdictional amount.

## REMOVAL PROCEDURE

13. A copy of this Notice of Removal is being served upon all known counsel of record. Notice is also being provided to the Clerk of Court for the 22nd Judicial District Court for the Parish of St. Tammany, Louisiana.

14. The Judicial District Court where the plaintiffs filed the Petition for Damages is located within the Eastern District of Louisiana. Therefore, venue is proper pursuant to 28 U.S.C. §1441(a) because it is the "district and division embracing the place where such action is pending." See 28 U.S.C. §1441(a).

15. Pursuant to Local Rule 3.2, a copy of all pleadings filed in the state court record and service return are attached as Exhibit A. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiff and a copy is

being filed with the clerk of court in the Parish where Plaintiff filed the Petition for Damages.

16. No previous application has been made for the relief requested herein.

17. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal, that, to the best of his knowledge, information and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.

WHEREFORE, Centauri Specialty Insurance Company hereby provides notice that this action is duly removed.

                                              Respectfully submitted:

                                            /s Charles R. Rumbley
                                            _____
                                            JAMES P. NADER, T.A. #14256
                                            CHARLES R. RUMBLEY, #29666
                                            LOBMAN, CARNAHAN, BATT,
                                                ANGELLE & NADER
                                            THE POYDRAS TOWER, SUITE 2300
                                            400 POYDRAS STREET
                                            NEW ORLEANS, LOUISIANA  70130
                                            (504) 586-9292   FAX (504) 586-1290

## **C E R T I F I C A T E**

I do hereby certify that I have on this 25th day of October, 2016, electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all notice counsel of record.

/s Charles R. Rumbley